**PUREX CORPORATION, LTD.,**
Appellant,

v.

**DAWN PRODUCTS COMPANY,**
Appellee.

Patent Appeal No. 9050.

United States Court of Customs and Patent Appeals.

July 12, 1973.

Baldwin, J., dissented and filed opinion.

James M. Naylor, Frank A. Neal, San Francisco, Cal. (Naylor & Neal, San Francisco, Cal.), attorneys of record for appellant.

Ralph F. Crandell, Denver, Colo. (Burton & Crandell, Denver, Colo.), attorneys of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

LANE, Judge.

This is an appeal from the unpublished unanimous decision of the Trademark Trial and Appeal Board dismissing an opposition to registration of the mark TEND for "plastic cleaning and polishing materials, namely, combination cleaning, glazing, reconditioning, antistatic, and polishing compositions, buffing compounds, buffer pads, and polishing cloths for plastic materials" in Class 4, Abrasives and polishing materials, Application Serial No. 313,274 filed November 29, 1968. Opposer relies upon its Registration No. 430,422, June 10, 1947, of TREND for a "Powered cleanser for general household use and also certain commercial uses, such as in laundries and in the cleaning of diary equipment" in Class 4, and its Registration No. 626,011, April 24, 1956, of TREND for "Detergents in dry and liquid form" in Class 52, Detergents and soaps. Opposer is the prior user. Neither party took testimony. We affirm.

The board held that since opposer filed no evidence other than copies of its registrations, the question of likelihood of confusion turns solely upon a consideration of the marks and goods as shown in the respective application and registrations. The board said:

> The burden of proof is upon the opposer to prove its case by a preponderance of the evidence. Considering the differences in the marks and the goods, we are not persuaded that opposer has established it would be damaged by the registration of the challenged mark.

Appellant contends that there is no significant difference between the goods and that the marks are similar in sound and similar in significance. Appellee urges that there is no evidence of record to show any similarity between the goods, and that the marks are different in both sound and in appearance. Appellant then argues that the board "failed to consider TEND and TREND synonymous, i. e. confusingly similar in significance or meaning as well as confusingly similar in sound." However, we note that the board mentioned in its opinion "opposer's claim of similarity as between the words 'TEND' and 'TREND' * * *."

The issue before us is whether the total record supports the board's conclusion that opposer has not established that it would be damaged by the registration of the challenged mark. We find that the board's conclusion is supported by the record. The question of likelihood of confusion turns solely upon consideration of the marks and the goods as set out above. There is no evidence that the opposer sells polishing cloths for plastic materials or that the powdered cleanser and detergents specified in opposer's two registrations are suitable or intended for cleaning or polishing plastic materials. The marks are specifically different, and the goods recited are also specifically different. We find no likelihood of confusion stemming from

the marks TEND and TREND on the respective goods.

Finding no error in the decision of the board, we affirm.

Affirmed.

BALDWIN, Judge (dissenting).

The marks TEND and TREND are substantially identical in appearance, sound and meaning. There is absolutely no reason to assume that appellants powdered *cleanser* and *detergents* are anything other than eminently suited for cleaning plastics. Thus in my view the goods upon which the marks are used are also substantially identical. Considering the marks as applied to the goods it is my opinion that there is a likelihood of confusion, and for that reason I would reverse the decision of the board.